United States District Court
Southern District of Texas
**ENTERED**
May 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENARD McCLAIN,<br>(Inmate # 217-269),<br><br>*Plaintiff,*<br><br>vs.<br><br>TEHUM CARE SERVICES, INC., *et al.*,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-26-3826 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Renard McClain, (Inmate # 217-269), is an inmate at the Roxbury Correctional Institution in Hagerstown, Maryland. Proceeding *pro se*, he filed what appears to be a prisoner's civil-rights actions under 42 U.S.C. § 1983. (Dkt. 1). The Court dismisses this action without prejudice for reasons explained briefly below.

## I.    BACKGROUND

As best can be determined from McClain's pleading and publicly available records, McClain is a creditor in a bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of Texas. *See In re Tehum Care Servs., Inc.*, No. 4:23-bk-90086 (Bankr. S.D. Tex.). His underlying claim appears to be based on allegations of medical malpractice against a physician employed in

some capacity by the Debtor. *See McClain v. Kavic, et al.*, No. 1:24-cv-01489-DKC (D. Md. Aug. 8, 2025).

In April 2026, the bankruptcy trustee sent correspondence to McClain concerning the possible settlement of his claims against the Debtor within the bankruptcy proceedings. (Dkt. 1, pp. 20-31). McClain believes that the proposed settlement is unfair and the result of corruption and fraud. (*Id.* at 4). He seeks an order lifting the bankruptcy stay and assigning a neutral party to distribute the funds in the bankruptcy estate. (*Id.*).

## II.    DISCUSSION

McClain brings his action on a form approved for actions under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal

2/4

right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.,* 765 F.2d 1278, 1283 (5th Cir. 1985).

McClain's allegations concerning the proposed settlement of his medical malpractice action in the bankruptcy case, even liberally construed, do not allege a violation of rights secured by the Constitution or laws of the United States, nor do his allegations demonstrate that his rights were violated by a person or entity acting under color of state law. He therefore fails to state a claim upon which relief can be granted under §1983, and his claim will be dismissed on this basis.

If McClain is dissatisfied with the bankruptcy trustee's efforts to resolve his claim, he must seek such relief in the bankruptcy action. *See, e.g., In re 80 Nassau Assocs,* 169 B.R. 832, 837–38 (S.D.N.Y. 1994) (noting that a bankruptcy case is an "integrated proceeding" that concerns both the legal validity of a claimant's claim and the claimant's right to share in the bankruptcy estate).

Accordingly, the Court **ORDERS** as follows:

1. McClain's civil rights action is **DISMISSED without prejudice** to him seeking relief in the bankruptcy proceedings.

2. Any pending motions are **DENIED as moot**.

3. An order of dismissal will be separately entered.

3/4

The Clerk shall send a copy of this Order to the plaintiff.

SIGNED at Houston, Texas on _____ May 19 _____, 2026.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE